IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No. 5:04-396-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Gloria Frazier, *a/k/a* Gloria J. Frazier, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The United States of America ("Plaintiff") filed this action pursuant to I.R.C. § 7405 against the defendant, Gloria Frazier, *a/k/a* Gloria J. Frazier ("Frazier"), to recover an erroneous tax refund issued to Frazier in the amount of $51,060.00. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Plaintiff's motion for summary judgment. (ECF No. 59.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Frazier of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to Plaintiff's motion. (ECF No. 60.) Frazier responded (ECF No. 65) and Plaintiff replied (ECF No. 66). Having reviewed the parties' submissions and the applicable law, the court finds that Plaintiff's motion should be granted.

## BACKGROUND

The undisputed facts in this matter reveal that on February 16, 1999, the Internal Revenue Service ("IRS") issued Frazier an erroneous refund for $51,060.00. This refund was issued based upon misrepresentations in tax forms filed by Frazier for tax year 1997 on behalf of the nonexistent Gloria J. Frazier Trust. Frazier's tax documents were prepared by a third party who was later convicted for his actions in a scheme to defraud the United States through fraudulent claims for tax

refunds. See generally United States v. Dantzler, 45 F. App'x 259 (4th Cir. 2002). However, Frazier signed two forms forming the basis for the refund in which she declared under penalties of perjury that she examined the application and return and "to the best of my knowledge and belief, it is true, correct, and complete."[1]

## DISCUSSION

A.      **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere

---

[1] Additional factual background is contained in the "United States' Statement of Undisputed Material Facts." (ECF No. 59-2 at 1-5.)



allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Plaintiff's Claim**

As stated above, Frazier does not dispute that she was erroneously refunded $51,060.00 by the IRS.  Rather, Frazier first argues that Plaintiff's claim is untimely.  A claim pursuant to § 7405 is governed by the limitations period in § 6532(b), which provides that "[r]ecovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund, except that such suit may be brought at any time within 5 years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact." I.R.C. § 6532(b).  The Plaintiff filed this action within five years of making the refund;[2] however, Frazier argues that there is a dispute of material fact as to whether "the refund was induced by fraud or misrepresentation of a material fact" because this standard requires "some knowing or intentional action." (Def.'s Resp. Opp'n Summ. J., ECF No. 65 at 2.)  The court disagrees.  The United States Court of Appeals for the Fourth Circuit has held that "the United States need not demonstrate more than gross negligence in order to avail itself of § 6532(b)'s five-year limitations period." Lane v. United States, 286 F.3d 723, 732 (4th Cir. 2002). The court concludes that, Frazier's declarations notwithstanding, her knowledge that the trust did not exist constituted material misrepresentations resulting in the erroneous refund.  Therefore, Plaintiff timely filed this action.

---

[2] The court notes that this matter has been pending since 2004 because Frazier filed multiple petitions in the United States Bankruptcy Court resulting in multiple stays of this action.



The undisputed facts in this case demonstrate that the United States is entitled to judgment as a matter of law. Frazier submitted a tax return based on a trust that she was aware did not exist, did not earn any income, and did not overpay any taxes. Frazier deposited a check for $51,060.00 despite this knowledge and notwithstanding the fact that this refund was greater than her total gross income in 1997 or 1998. Frazier's arguments that she did not read or understand the return and that the return was prepared by an individual who has since been convicted for defrauding the government "is of no consequence." United States v. McLean, 390 F. Supp. 2d 475, 479 (D. Md. 2005) ("[W]hether or not McLean was a knowing participant in the fraud is of no consequence. Material misrepresentations were made in the tax forms which brought McLean a substantial windfall and she owes that money back to the United States."); see also United States v. Brokemond, No. 3:06-cv-1022-J-12TEM, 2008 WL 623025 (M.D. Fla. Mar. 6, 2008) ("It is immaterial in determining liability in this civil case whether or not the Defendant knew at the time the claims were submitted that the claims contained misrepresentations of material fact or that she was acquitted of criminal charges regarding the claims she made."). In sum, material misrepresentations led to an erroneous refund to Frazier; therefore, the Plaintiff is entitled to summary judgment.[3] See United States v. Middleton, C/A No. 2:04-0357-DCN-GCK, 2005 WL 2201091 (D.S.C. May 19, 2005) (Report and Recommendation adopted without objection by Order dated July 13, 2005) (rejecting defendant's argument that she signed blank tax forms at the request of her mother-in-law and was therefore innocent of the fraudulent scheme, and awarding the United States summary judgment to recover an erroneous refund where the defendant's return contained misrepresentations which

---

[3] In light of the court's conclusion, the court need not reach Plaintiff's argument that Frazier's position in this litigation is precluded by *res judicata* due to previous bankruptcy litigation.



defendant signed under penalty of perjury causing the IRS to issue the defendant an erroneous refund).

## RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiff's motion for summary judgment be granted (ECF No. 59) against defendant Gloria J. Frazier for the erroneous refund of $51,060.00 for tax year 1997, plus interest as of the date of the refund pursuant to I.R.C. § 6621(a)(2) and 28 U.S.C. § 1961(c)(1).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 27, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).